**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| United States of America *ex rel.* Anil Kini, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 1:17-cv-02526 (TSC) |
| Tata Consultancy Services, Ltd., | ) ) ) |  |
| Defendant. | ) ) ) |  |

## JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER

Plaintiff Anil Kini ("Plaintiff" or "Mr. Kini") and Defendant Tata Consultancy Services Ltd. ("TCS" or "Defendant")[1] (collectively, the "Parties"), hereby file their Joint Status Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, and consistent with the Court's April 6, 2026 Minute Order. The parties conducted their Rule 26(f) conference telephonically on April 20, 2026. Set forth below is a succinct statement of all agreements reached with respect to the matters set forth in Local Civil Rule 16.3(c), a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order.

---

[1] The First Amended Complaint incorrectly names "Tata Consultancy Services, Ltd." as the Defendant. The proper legal entity name is Tata Consultancy Services Ltd.

**A.   STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION**

Plaintiff asserts a claim for retaliation in violation of the False Claims Act (31 U.S.C. § 3730(h)) against Defendant. He alleges that he engaged in protected activity in an effort to prevent one or more violations of the False Claims Act and that in response to these actions, Defendant retaliated against Plaintiff, culminating in the termination of his employment. Plaintiff seeks an award of back pay, with interest, compensatory damages, punitive damages, costs, and attorneys' fees, as permitted by 31 U.S.C. § 3730(h).

Defendant agrees with Plaintiff's recitation above as an accurate description of the remaining claims in his Complaint, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to judgment in his favor and/or that he is entitled to any damages and/or any award of attorneys' fees and/or costs. Defendant denies all material allegations in the First Amended Complaint and refers the Court to its Answer and Affirmative Other Defenses (ECF No. 56) for specific admissions and denials.

**B.   PROPOSED SCHEDULING ORDER**

**1.  DEADLINES:**

Based on their respective calendars and current caseload, while also accounting for the practical realities of the needs of this case, the parties propose the following respective deadlines for future events in this matter:

**Plaintiff's Proposed Schedule**

| | |
|---|---|
| Deadline to Exchange Initial Disclosures | May 20, 2026 |
| Deadline to Amend the Pleadings | N/A |
| Deadline to Join Additional Parties | N/A |

| | |
|---|---|
| Plaintiff's Rule 26(a)(2) Expert Disclosures | 60 days before close of discovery |
| Defendant's Rule 26(a)(2) Expert Disclosures | 30 days before close of discovery |
| End of Discovery | December 11, 2026 |

**Defendant's Proposed Schedule**

| | |
|---|---|
| Deadline to Exchange Initial Disclosures | May 20, 2026 |
| Deadline to Amend the Pleadings | N/A |
| Deadline to Join Additional Parties | N/A |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | 120 days before close of discovery |
| Defendant's Rule 26(a)(2) Expert Disclosures | 60 days before close of discovery |
| End of Discovery | April 9, 2027 |
| Defendants' Motion for Summary Judgment due | May 24, 2027 |
| Plaintiff's Response due | June 14, 2027 |
| Defendant's Reply due | June 28, 2027 |

## 2. DEPOSITIONS AND INTERROGATORIES:

Absent agreement of the parties or Order of the Court to the contrary, the parties shall be limited to no more than ten (10) depositions and no more than twenty-five (25) interrogatories per side.

## 3. DISCOVERY DISPUTES:

Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, they must first **JOINTLY** submit, via email to chambers, a clear,

concise description of the issues in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

**Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

Counsel are hereby notified that a party who does not prevail in a discovery dispute may be ordered to pay the costs involved, including reasonable attorney's fees.

### 4.  REQUEST FOR APPOINTMENT OF MEDIATOR:

Defendant is willing to attend early mediation before a Magistrate Judge. Plaintiff is also amenable to early mediation provided that it does not delay the progress of discovery.

### 5.  DISPOSITIVE MOTIONS:

**Plaintiff's Position**

This case has been pending for almost nine years, and approximately 3.5 years has been consumed with resolving Defendant's motion to dismiss.  Based on the D.C. Circuit's decision reinstating Plaintiff's retaliation claim and on Judge Childs' observations at oral argument, it's clear that dismissal of this case upon summary judgment will almost certainly not occur. *See U.S. ex rel. Kini v. Tata Consultancy Servs. Ltd.*, 146 F.4th 1184, 1196 (D.C. Cir. 2025) ("Based on the allegations of the first amended complaint, TCS had notice of Kini's protected conduct starting on May 1, 2017, when he 'submitted a 57-page whistleblower report to' TCS's CEO and Vice President of Human Resources. 1st Am. Compl. ¶ 63 (J.A. 28). Over the course of the following year, Kini sent additional follow-up reports to TCS, met with an independent investigator, who was appointed by TCS, and provided the investigator with evidence. He pleaded causation alleging

that TCS began to retaliate immediately on May 1, 2017, which eventually culminated in his termination on August 9, 2018."); Audio of Hr'g Tr. 40:45-41:20 (Dec. 12, 2024) ("What do you mean by [TCS was] never on notice [of Kini's complaints]? He'd been employed since 2006. These complaints arise in May or June 2017, January 2018, and then it's during that time that he's just kind of got a downfall of a myriad of things that are happening with his employment, from . . . being misclassified, the issues with respect to his promotion, being asked to . . . get another project with no support, etc."). Defendant has nonetheless indicated its intention to seek dismiss this case upon summary judgment. While the federal rules, of course, afford Defendant an opportunity to file a summary judgment motion for which it has a good faith basis, the likelihood of a Rule 56 dismissal is so remote that Plaintiff respectfully submits that delaying trial and case resolution to account for this remote possibility is not warranted, particularly in light of the fact that this case was filed in 2017.

Plaintiff recommends that, if either party intends to file a Rule 56 motion, the parties either confer in advance of the motion as to a briefing schedule or otherwise approach the Court as to the anticipated motion.

**Defendant's Position**

Plaintiff's characterization that most of the pendency of this matter has "been consumed with resolving Defendant's motion to dismiss" is misleading. Plaintiff initiated his *qui tam* on November 22, 2017, and it remained sealed for almost five (5) years until September 22, 2022. Defendant is not responsible for time that this matter sat under seal. Only approximately three-and-a-half years have passed since the unsealing, which is objectively less than the nearly five that the matter remained under seal. Since coming out from under seal, Defendant has acted within its procedural and lawful rights to defend itself against Plaintiff's allegations and has not engaged in

any dilatory conduct. Quite the opposite; Defendant did not oppose Plaintiff's Motion to Reopen Case (ECF No. 54) and even agreed to file its Answer before it was procedurally required to do so (ECF No. 56). While Defendant recognizes that Plaintiff is eager for this matter to get under way, any delay in the resolution of his Section 3730(h) claim is of his own making. There is no statutory requirement that Plaintiff file his Section 3730(h) retaliation under seal along with the *qui tam* claim; this was Plaintiff's strategic decision and any frustrations about the age of his retaliation claim are not properly directed at Defendant.

Furthermore, Defendant disagrees with Plaintiff's characterization of its procedural right to file a Motion for Summary Judgment at the end of the discovery period, both in terms of the likelihood of success and whether doing so is in good faith or not. Plaintiff knows full well that rulings at the motion-to-dismiss stage can change after completion of discovery and upon examination of the evidence. For these reasons, Defendant will not voluntarily scuttle its defense by agreeing at this early stage not to file a dispositive motion after the close of discovery.

Defendant is, however, amenable to conducting a status conference shortly after the close of discovery during which the Parties can address the issue of dispositive motions, including whether Defendant plans to file one and deciding on a briefing schedule.

## 6. NARROWING OF FACTUAL OR LEGAL ISSUES

Factual and legal issues have been narrowed by way of Defendant's Motion to Dismiss (Dkt. 24) and the United States District Court of the District of Columbia's Opinion and Judgment (Dkt. 51-1).

## 7.  INITIAL DISCLOSURES

The Parties have agreed to exchange initial disclosures on May 20, 2026 (rather than 14 days after the Parties' Rule 26(f) conference), but have not agreed to make any changes to the scope or form of those disclosures.

## 8.  DISCOVERY:

Plaintiff anticipates that discovery will last approximately seven months given the narrowness of the case and that the limitations set forth by the Federal Rules will apply. Defendant anticipates that discovery will last approximately eleven months.

The Parties agree that a Protective Order is appropriate in this matter and have set forth a deadline for the completion of all discovery (fact and expert) above.

## 9.  MAGISTRATE JUDGE:

The parties do not consent to the assignment of this case to a Magistrate Judge.

## 10. ELECTRONICALLY STORED INFORMATION:

Counsel have discussed their obligations regarding the preservation of discoverable information with their respective clients. The Parties agree to cooperate in the exchange of ESI in a reasonable manner to mitigate the expense of production. The Parties agree that the production of requested and discoverable ESI, if any, during discovery will be made in searchable PDF image format, with the exception that Excel, multi-media (*i.e.*, audio or video), and PowerPoint may be produced in their native format. The file format will preserve the page breaks between documents and otherwise allow identification of separate documents and their attachments.

### Plaintiff's Position

It is Plaintiff's position that metadata should be produced with each party's document production(s).

**Defendant's Position**

Defendant proposes that, in the event that any party, after reviewing a document, determines that it would like the metadata of that document, that party shall request in writing the metadata, and, if available and not objected to by the producing party, the metadata shall be produced promptly. If the producing party does object to the request, the Parties will meet and confer in good faith to try to resolve the dispute, but if a resolution is not possible, the Parties will seek a ruling from the Court pursuant to the Court's procedures for discovery disputes.

**11. HANDLING OF PRIVILEGED AND CONFIDENTIAL INFORMATION:**

The Parties intend to enter into a mutually acceptable Protective Order. The Parties also agree that Federal Rule of Evidence 502(d) and (e) will govern the claw back of any inadvertently disclosed privileged information in connection with this action.

**12. EXPERTS:**

The Parties agree that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should not be modified and that depositions of experts should occur prior to the close of discovery.

**13. CLASS ACTIONS**:

This is a single-plaintiff litigation to which Local Rule 16.3(c)(12) is not otherwise applicable.

**14. BIFURCATION:**

The Parties see no need for bifurcation of discovery.

Plaintiff does not see a need to bifurcate trial. Defendant believes it is too early to tell whether bifurcation of trial is appropriate and thus reserves its position at this time.

**15. PRETRIAL CONFERENCE:**

Plaintiff proposes that a trial date be set now and that a final pretrial conference be held 30 days before the start of trial.

Defendant proposes that the final pretrial conference date and the trial date be set at a status conference after resolution of any dispositive motion that may be filed at the close of discovery.

Dated: May 6, 2026                                    Respectfully submitted,


KOTCHEN & LOW LLP                          LITTLER MENDELSON, P.C.

*/s/ Daniel L. Low*                                      */s/ Meredith Schramm-Strosser*
Daniel L. Low (DC Bar #480910)          Meredith Schramm-Strosser (Bar No. 1012077)
1918 New Hampshire Ave. NW             815 Connecticut Avenue, NW
Washington, DC 20009                          Suite 400
Telephone: 202.471.1995                       Washington, DC 20006
Facsimile: 202.280.1128                         Telephone: 202.772.2531
dlow@kotchen.com                               Facsimile: 202.330.5014
                                                          mschramm-strosser@littler.com
*Counsel for Plaintiff*
*Anil Kini*                                              Alexander P. Berg (Bar No. 1016166)
                                                          Benjamin P. Constine (Bar No. 90007309)
                                                          1800 Tysons Boulevard
                                                          Suite 500
                                                          Tysons Corner, VA 22102
                                                          Telephone: 703.286.3138
                                                          Facsimile: 703.552.0045
                                                          aberg@littler.com
                                                          bconstine@littler.com

                                                          Howard M. Shapiro (Bar No. 200406)
                                                          Lauren N. Moore (Bar No. 1009452)
                                                          WILMER CUTLER PICKERING HALE
                                                          AND DORR LLP
                                                          2100 Pennsylvania Avenue, NW
                                                          Washington, DC 20037
                                                          Telephone: 202.663.6160
                                                          howard.shapiro@wilmerhale.com
                                                          lauren.moore@wilmerhale.com

                                                          *Counsel for Defendant*
                                                          *Tata Consultancy Services Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2026, the undersigned counsel served the foregoing to be served through the Court's Electronic Case Filing (ECF) system on the following counsel of record:

> Daniel L. Low (DC Bar #480910)
> KOTCHEN & LOW LLP
> 1918 New Hampshire Ave. NW
> Washington, DC 20009
> (202) 471-1995
> (202) 280-1128 (Fax)
> dlow@kotchen.com
>
> *Counsel for Plaintiff Anil Kini*

*/s/ Meredith Schramm-Strosser*
Meredith Schramm-Strosser
